*Dickerson v. Northwestern Mut. Life Ins. Co.*, 200 Ill. 270; *Commercial Life Ins. Co. v. Schroyer*, 176 Ind. 654; *Groffinger v. Metropolitan Life Ins. Co.*, 183 Ill. App. 618; *Hansell-Elcock Co. v. Frankfort Marine Accident & Plate Glass Ins. Co.*, 177 Ill. App. 500; *Falberg v. Continental Casualty Co.*, 195 Ill. App. 237; *Seaback v. Metropolitan Life Ins. Co.*, 274 Ill. 516; *Aetna Life Ins. Co. v. Paul*, 10 Ill. App. 431.

The defendant contends that the plaintiff is not entitled to interest on the amount of the policy. The law, however, is otherwise.

Some other questions have been raised by counsel but, in view of the foregoing conclusions, we consider them as immaterial.

Finding no errors in the record which justify a reversal, the judgment is affirmed.

*Affirmed.*

---

**F. A. Morris for use of Ottis Benedict et al., trading as the Benedict Type-setting Company, for use of Kilgore Linotype Company, Defendant in Error, v. Hankel Printing Company, Plaintiff in Error.**

**Gen. No. 21,429.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and cause dismissed. Opinion filed December 27, 1916.

### Statement of the Case.

Action by F. A. Morris for use of Ottis Benedict, Lillian Braham and Earl Benedict, trading as the Benedict Type-setting Company, for use of Kilgore Linotype Company, a corporation, plaintiff, against

the Hankel Printing Company, a corporation, defendant, to recover on an account for metal delivered to the defendant. To review a judgment for plaintiff, defendant prosecutes a writ of error.

R. ROBERT COLLINS, for plaintiff in error; MORTON T. CULVER, of counsel.

CHARLES DANIELS and SUMNER C. PALMER, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

### Abstract of the Decision.

ASSIGNMENTS, § 37*—*what assignee must prove in action against debtor.* Where a lessee of a printing shop and typesetting machines brought an action against one of its customers to recover on an account for metal delivered to the defendant by the plaintiff's lessor, which account the plaintiff claimed it had acquired at the time of making the lease and for which the defendant claimed it had settled with the plaintiff's lessor with whom it had previously done business, not having had any notice of the assignment thereof, *held* that a judgment for the plaintiff was not justified, as it had failed to prove notice to the defendant of such assignment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.